UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shi Yang Li, individually and on behalf of all other employees similarly situated,<br><br>                                              Plaintiff,<br><br>             - against -<br><br>City Ironsmith Corp., Yuan Xiu a.k.a Charlie Li and Jane (*First Name Unknown*) Chen<br><br>                                              Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff Shi Yang Li ("Plaintiff"), by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants City Ironsmith Corp., Yuan Xiu a.k.a Charlie Li and Jane (First Name Unknown) Chen (collectively "Defendants") alleges and shows the Court the following:

## NATURE OF THE ACTION

1. This action is brought to recover owed overtime wages and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C § 201, et seq. ("FLSA"), and the New York Labor Law § 190, et seq. ("NYLL").

2. Defendants have systematically ignored the requirements of the FLSA and NYLL by failing to pay Plaintiff owed overtime pay.

3. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, unpaid wages, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. § 216 and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendant City Ironsmith Corp. maintains a place of business located at 131-41 Sanford Ave, Flushing, NY 11355, and a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York.

## THE PARTIES

7. Plaintiff Shi Yang Li resides in Queens, New York. Plaintiff worked at City Ironsmith Corp. as an Ironwork worker from June 2, 2015 until May 2016.

8. At all times relevant to this action, Plaintiff has been an employee engaged in commerce or the production of goods for commerce on behalf of Defendants.

9. Upon information and belief, City Ironsmith Corp. is a New York corporation located at 131-41 Sanford Ave, Flushing, NY 11355. Upon information and belief, City Ironsmith Corp. is a company that provides professional contracting service in Steel Structure Erection& Framing for commercial industrial and warehouse building projects, it also offers iron work for all kinds of steel stairs, railing, fence, fire escape and so on.

10. Defendant City Ironsmith Corp. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual

gross volume of sales in excess of $500,000.

11. Upon information and belief, Defendant Yuan Xiu Li a.k.a Charlie Li is an owner of City Ironsmith Corp., and is sued individually in his capacity as an owner, officer and /or agent of City Ironsmith Corp.. He exercises sufficient control over City Ironsmith Corp.'s operations to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, and established and exercised authority regarding the pay practices at City Ironsmith Corp..

12. Upon information and belief, Defendant Jane (First Name Unknown) Chen is an owner of City Ironsmith Corp., and is sued individually in his capacity as an owner, officer and /or agent of City Ironsmith Corp., She exercises sufficient control over City Ironsmith Corp.'s operations to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, and established and exercised authority regarding the pay practices at City Ironsmith Corp..

## **DEFENDANTS' FAILURE TO PAY OVERTIME WAGES**

13. The FLSA and NYLL require that employers pay all employees one and one-half their regular rate of pay for all hours in excess of forty (40) during any work week, unless they are exempt from coverage.

14. Plaintiff worked at City Ironsmith Corp. as an Ironwork worker from June 2, 2015 until May 2016.

15. Plaintiff was a non-exempt employee and therefore entitled to overtime pay from Defendants.

16. During the employment of Plaintiff by Defendants, Plaintiff regularly worked six (6) days a week with Sunday off, although Plaintiff's working hours fluctuated during

different season, Plaintiff regularly worked over forty (40) hours per week and on average worked at least from 7:00 a.m. until around 7:00 p.m. with a half hour break for eleven hour and a half per day (11. 50). Plaintiff therefore worked at least approximately sixty-nine (69) hours per week.

17. From June 2015 to July 2015, Plaintiff was paid at a fixed daily rate of $125 regardless of the actual hours he worked and that was raised to $130 in August 2015 and remained the same until the end of Plaintiff's employment.

18. Plaintiff received his compensation twice a month partially by cash and partially by check.

19. Even though Plaintiff regularly worked more than forty (40) hours per week,

20. Throughout his employment, Defendants did not adopt any time-keeping means to track Plaintiff's hours worked.

**DEFENDANTS' VIOLATIONS OF THE WAGE THEFT PREVENTION ACT**

21. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

22. Defendants paid Plaintiff wages without any accompanying statement listing: the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

23. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the

4


name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

## COLLECTIVE ACTION ALLEGATIONS

24. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff or other similarly situated employees.

25. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

26. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

27. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their business locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages and/or overtime, spread-of-hours pay, compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

28. Upon information and belief, the Collection Action Members are so

numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

29. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

30. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

31. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

32. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

d. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

33. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

34. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

### FIRST CLAIM
**[Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

35. Plaintiff repeats the preceding allegations and incorporates the same herein

as if set forth in detail.

36. D e f a n d s w e r R e e q u i t i i r o e n d s

37. Defendants have failed to pay Plaintiff the overtime wages to which they are entitled under the FLSA.

38. Defendant has willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

39. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages. Reasonable attorney's fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### [Violation of New York Labor Law—Overtime Pay]

40. Plaintiff repeats the preceding allegations and incorporates the same herein as if set forth in detail.

41. Under the NYLL and supporting New York State Department of Labor

42. Defendants have failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

43. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover their unpaid wages and overtime wages, liquidated damages. Reasonable attorney's fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

44. Plaintiff repeats the preceding allegations and incorporates the same herein

8

as if set forth in detail.

45. Defendants failed to furnish Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

46. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## FOURTH CLAIM
### [Violation of New York Labor Law—New York Pay Stub Requirement]

47. Defendants failed to furnish Plaintiff with each payment of wages a statement listing: the date of work covered by that payment of wages; name if employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowance, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

48. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled

to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

49. As a result of defendants' willful violation of the NYLL, Plaintiff is entitled to recover from Defendants for front-pay, back-pay, mental anguish, punitive damages, reasonable attorneys' fees, liquidated damages and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants, jointly and severally, for the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)  An injunction against A. Prosperous Construction, Inc., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)  An award of unpaid overtime wages due under FLSA and New York Labor Law;

g)  An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

h)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

i)  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation premium pursuant to New York Labor Law;

j)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

k)  The cost and disbursements of this action;

l)  An award of prejudgment and post-judgment fees;

m)  Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

n)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

### JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: Flushing, New York November 22, 2016

                HANG & ASSOCIATES, PLLC.
                /*S JIAN HANG*
                Jian Hang
                136-18 39th Ave., Suite 1003
                Flushing, New York 11354
                Tel: 718.353.8588
                jhang@hanglaw.com

                *Attorneys for Plaintiff*

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by City Ironsmith Corp, Charlie Li, "Jane" Chen and related individuals and entities, I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Shi Yang Li_
Full Legal Name (Print)

_Shi Yang Li_
Signature

_2016 . 11 . 21_
Date

14